IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT STOCES, # K-92749,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 15-cv-0277-NJR |
| ) | |
| DR. OBASI, DR. WAHL,   ) | |
| DR. LARSON, and   ) | |
| WEXFORD HEALTH SERVICES,   ) | |
| ) | |
| Defendants.   ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Robert Stoces, an inmate at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims under the Eighth Amendment, as well as Illinois state law, against three health care providers at Lawrence: Dr. Obasi, Dr. Wahl, and Dr. Larson. He also asserts a claim against Wexford Health Services, a private corporation that provides health care to Illinois inmates pursuant to a contract with the Illinois Department of Corrections. (Doc. 1).

In February 2013, Plaintiff was diagnosed with colon cancer. (Doc. 1, p. 12). Plaintiff claims that Defendants refused to order diagnostic tests in a timely manner that were essential to detecting Plaintiff's colon cancer; instead they insisted on a course of treatment that was ineffective. *Id.* Plaintiff seeks monetary relief.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

The following facts are most relevant to the Court's threshold review. Plaintiff was incarcerated at Lawrence Correctional Center ("Lawrence") at the time the events in question occurred. He first visited the healthcare unit at Lawrence about his bowel problems in January 2010. (Doc. 1, p. 8). At that time, Plaintiff was provided Metamucil. *Id*. Plaintiff followed up with Defendant Obasi (a medical doctor at Lawrence) several times later in 2010, including June 1, June 5, July 21, and December 6. Each time, he was prescribed the same course of treatment (Metamucil). *Id*.

In December 2010, Plaintiff became increasingly concerned about his bowel problems. His family had done research, based on a description of his symptoms, and they were concerned that he might have colon cancer. *Id*. Plaintiff saw Defendant Obasi again on December 27, 2010. At that appointment, Plaintiff shared his concerns about colon cancer and requested a series of diagnostic tests, including a colonoscopy. *Id*. Dr. Obasi responded that because a colonoscopy is an expensive procedure, only the Medical Director could decide whether to order it. *Id*. at 9. Defendant Obasi further explained that Plaintiff would have to have "serious" evidence for a colonoscopy to be approved. Defendant Obasi continued to treat Plaintiff with the same ineffective treatment at several follow-up appointments in 2011. *Id*.

In July 2012, Plaintiff was seen by a physician assistant who finally ordered tests on Plaintiff's stools. *Id*. Plaintiff saw Defendant Wahl (a medical doctor at Lawrence) in August

2012. The first round of tests was negative, but later tests taken from mid-August to the end of October 2012 showed blood in Plaintiff's stool. *Id*. Defendant Wahl suggested that the blood in the stool might simply be the result of hemorrhoids. Defendant Wahl performed a prostate examination, but no hemorrhoids were found. *Id*. Still, no colonoscopy was ordered.

Plaintiff was next seen by Defendant Larson (another medical doctor at Lawrence) in December 2012. *Id*. at 10. Plaintiff again requested a colonoscopy and explained that the blood in his stool had increased. Defendant Larson also refused Plaintiff's request for a colonoscopy and instead prescribed fiber tabs. *Id*.

Finally, on January 18, 2013, Plaintiff was seen by Dr. Shepard. Upon examining Plaintiff and seeing blood, Dr. Shepard immediately referred Plaintiff for a colonoscopy. *Id*. A colonoscopy was performed at Pekin M. Hospital on February 12, 2013. Following the colonoscopy, Plaintiff was informed that he almost certainly had colon cancer. *Id*. Staff at the hospital wanted to follow up that day with a CT scan and prepped Plaintiff for the procedure. But right before it was to begin, correctional officers came in and said that Plaintiff was not there for a CT scan and took him immediately back to Lawrence. Nearly a month later, Plaintiff finally underwent a CT scan, which confirmed that Plaintiff had colon cancer and required surgery. *Id*. at 11. Finally, on April 15, 2013, Plaintiff had a seven-hour surgery to remove eight inches of his intestines. *Id*.

Plaintiff asserts that the cancer would not have spread as far as it did had Defendants addressed his concerns in a timely manner. Plaintiff contends that Defendants Obasi, Wahl, and Larson refused to order appropriate diagnostic tests due to cost-cutting policies adopted and enforced by Defendant Wexford Health Services ("Wexford"). *Id*. at 20.

## Analysis

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Deliberate Indifference to a Serious Medical Need**

To establish an Eighth Amendment medical needs claim, Plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs. *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). The complaint satisfies the objective prong of this test. The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The complaint alleges that Plaintiff had colon cancer that went undiagnosed (by Defendants) for over two years. (Doc. 1, p. 10). These allegations meet the threshold requirement for a "serious" medical condition.

The complaint also satisfies the subjective component of an Eighth Amendment medical needs claim against Defendants. To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).

The complaint asserts that Defendants Obasi, Wahl, and Larson refused to order a colonoscopy despite Plaintiff's ongoing bowel problems, which were symptomatic of colon cancer. Plaintiff has sufficiently alleged deliberate indifference on the part of Defendants Obasi, Wahl, and Larson and may proceed against them on this claim.

The complaint further suggests that a colonoscopy was not ordered because Defendant Wexford Health Services ("Wexford") would not approve it due to cost considerations. Defendant Wexford is a corporation that provides medical care at the prison on a contractual basis. If Plaintiff's allegation that Wexford's policies created conditions that infringed upon his constitutional rights proves to be true, Plaintiff may be able to establish deliberate indifference on the part of Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). Accordingly, Plaintiff may also proceed on his Eighth Amendment medical needs claim against Defendant Wexford.

**Count 2: Conspiracy**

Plaintiff claims that Defendants' failure to provide adequate medical care from 2010 through 2013 was part of a conspiracy undertaken pursuant to Defendant Wexford's cost-cutting policies. Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough

in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated a colorable conspiracy claim against Defendants Obasi, Wahl, Larson, and Wexford.

**Count 3: Malpractice/Negligence claim**

Plaintiff also brings a claim of malpractice/negligence against all Defendants, based on the same conduct detailed above. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), as long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations,

and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 Ill. Comp. Stat. §5/2-622(a) (West 2013).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 Ill. Comp. Stat. §5/2-622(b).

Plaintiff has filed the requisite affidavit and a report written by Lisa Johnson, Director of Nursing for the Illinois Department of Corrections. (Doc. 1, Ex. A). After reviewing Plaintiff's medical history, Johnson notes, "This grievance does have merit in regard to timeline of first positive hemmocult and initial plan of care." *Id.* Thus, at this time, Plaintiff may also proceed on his malpractice/negligence claim against all Defendants.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNTS 1, 2,** and **3** against Defendants **OBASI, WAHL, LARSON,** and **WEXFORD HEALTH SERVICES**.

The Clerk of Court shall prepare for Defendants **OBASI, WAHL, LARSON,** and **WEXFORD HEALTH SERVICES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to

---

[1] The August 25, 2005 amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 3, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**