IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT STOCES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-277-NJR-DGW |
| | ) | |
| DR. OBASI, DR. WAHL, DR. LARSON, | ) | |
| and WEXFORD HEALTH SERVICES, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Correct and Amend the Complaint (Doc. 12) and the Motion for New Filing Fee Order (Doc. 13) filed by Plaintiff, Robert Stoces. For the reasons set forth below, the Motion to Amend is **GRANTED** and the Motion for New Filing Fee Order is **DENIED**.

**Motion to Correct and Amend the Complaint (Doc. 12)**

Plaintiff explains that in his original complaint screened by this Court he denoted, in error, that Defendants Obasi, Wahl, and Larson are physicians at *Lawrence Correctional Center*; Plaintiff clarifies that these Defendants are physicians at *Logan Correctional Center*. Plaintiff seeks leave to amend his complaint to rectify this error and ensure it is clear that the incidents complained of happened at Logan Correctional Center, not Lawrence Correctional Center, as the Court stated in its screening order (*see* Doc. 6, p. 2).

Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading and leave to amend should be freely given "when justice so requires". The Seventh Circuit liberally allows amendment of pleadings "so that cases may be decided on the merits and not on the basis of

technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). A court may deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff is not attempting to assert new claims or add new defendants to this action. Rather, Plaintiff is merely seeking an amendment to clarify his complaint and ensure that it properly indicates where the defendants were providing their services at the time of the incidents alleged in this lawsuit. The amendments Plaintiff seeks to make to his complaint are neither unduly delayed nor frivolous. Accordingly, the Court finds that justice so requires that Plaintiff's Motion (Doc. 12) be **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as his First Amended Complaint.

### Motion for New Filing Fee Order (Doc. 13)

On March 19, 2015, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") in this action (Doc. 4). Pursuant to the Court's Order, Plaintiff was assessed an initial partial filing fee of $60.23 and the Court remarked that "Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the $350.00 filing fee is paid in full" (*Id.*). Plaintiff now seeks a new filing fee order that does not provide for the taking of income from any source, but "only what the law allows" pursuant to 28 U.S.C. § 1915(b). Plaintiff misunderstands Section 1915(b)(2), which states that "[a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the

prisoner's account." Although Plaintiff seems to interpret the use of the word "income" in this Section to mean "earned income" (as in income obtained through employment), the Seventh Circuit has articulated that Section 1915(b)(2) implies that "income" means "all deposits," meaning a plaintiff proceeding IFP is to forward 20% of "whatever sums enter a prison trust account, disregarding the source. That some receipts are gifts or bequests from family members does not shelter them from § 1915(b)(2)." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). Accordingly, it appears to the Court that Lawrence is properly deducting 20% of Plaintiff's total income from his prison trust fund account and Plaintiff's Motion for a New Filing (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 18, 2015**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**