IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT STOCES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 3:15-cv-277-DGW |
| DR. SALEH OBAISI, DR. JILL WAHL, | ) |
| DR. DENNIS LARSON, and WEXFORD | ) |
| HEALTH SOURCES, INC., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND OPINION**

**WILKERSON, Magistrate Judge:**

Plaintiff Robert Stoces, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging that health care providers at Logan Correctional Center ("Logan"), Drs. Obaisi, Wahl, and Larson, were deliberately indifferent to his serious health condition. More specifically, Plaintiff contends that Defendants failed to order appropriate diagnostic tests, and failed to diagnose, his colon cancer for approximately three years. Wexford Health Sources ("Wexford"), a private company that contracts with the IDOC to provide medical care to inmates, was named as a defendant in this action as Plaintiff alleges that Drs. Obaisi, Wahl, and Larson refused to order appropriate diagnostic tests due to Wexford's cost-cutting policies.

Now before the Court is Defendants' Motion to Dismiss, filed on June 26, 2015 (Doc. 27). Defendants argue that this action is time barred pursuant to 735 ILCS § 5/13-202. Plaintiff timely responded to Defendants' motion on July 22, 2015 (Doc. 32). Defendants filed a reply to Plaintiff's response on July 24, 2015. In contravention of Local Rule 7.1(c), Defendants failed to

"state the exceptional circumstances" warranting the filing of the reply; however, Defendants' reply shall not be stricken from the record.

## FACTUAL BACKGROUND

Plaintiff's claim in this lawsuit relates to the provision of medical care, and lack thereof, Plaintiff received while incarcerated at Logan. According to the complaint, Plaintiff sought treatment for bowel problems from Defendants Obaisi, Wahl, and Larson from December, 2010 to December, 2012.[1] Plaintiff complains that despite repeated requests for a colonoscopy, Defendants refused to order such an exam and persisted in a course of treatment that was ineffective. Finally, on January 18, 2013, Plaintiff was referred for a colonoscopy by another physician (not a defendant in this case), and was ultimately diagnosed with colon cancer in February or March, 2013. Plaintiff filed this lawsuit on March 11, 2015.

## DISCUSSION

Defendants seek dismissal of this matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that this action is time barred by 735 ILCS § 5/13-202.

Although Section 1983 does not contain an express statute of limitations, it is well established in this Circuit that the appropriate statute of limitations period for Section 1983 cases is two years, as set forth in 735 ILCS § 5/13-202, which prescribes that actions for personal injury must be commenced within two years after the cause of action accrued. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citations omitted). Although the parties disagree as to when this cause of action accrued (i.e. when Plaintiff was diagnosed with colon cancer), the specific accrual date is not necessary to determine at this time.

---

[1] According to Plaintiff's complaint, Plaintiff was treated by Defendant Obaisi from December, 2010 through 2011, and then received treatment from Defendant Wahl from August, 2012 to October, 2012, and then received treatment from Defendant Larson in December, 2012.

Along with his complaint, Plaintiff provided a number of exhibits, including the grievances he submitted in order to exhaust his administrative remedies prior to filing this lawsuit (Doc. 1-1, pp. 29-31).  From these materials, it is apparent that Plaintiff filed a grievance concerning the medical care at issue in this lawsuit on March 9, 2013, to which the Administrative Review Board did not provide its final response on the merits until May 27, 2014.  Accordingly, Plaintiff's exhaustion of the grievance process spanned approximately fourteen months.  *See Tierney v. Vahle*, 304 F.3d 734 (7th Cir. 2002) (attachments to a complaint become a part of the complaint, and the court may consider those documents in ruling on a motion to dismiss).

Pursuant to 735 ILCS 5/13-216, "[w]hen the commencement of an action is stayed by … *statutory prohibition*, the time of the continuance of the … prohibition is not part of the time limited for the commencement of the action" (emphasis added).  Importantly, the Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing suit under § 1983.  *See* 42 U.S.C. § 1997(e)(a).  Accordingly, the Seventh Circuit Court of Appeals has held that a federal court relying on the Illinois statute of limitations in §1983 cases *must* toll the limitations period while a prisoner completes the administrative grievance process.  *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).

In this case, it appears that Plaintiff's exhaustion of his administrative grievances tolled the relevant limitations period for approximately fourteen months.   Thus, even if the Court found that the statutory period began to accrue on February 12, 2013, when Plaintiff received a colonoscopy, Plaintiff's limitation period would not have run until approximately April, 2016.  As Plaintiff filed suit on March 11, 2015, he was clearly within the proper statutory timeframe.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 26, 2015**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**