IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT STOCES,                                    )
                                                  )
          Plaintiff,                              )
                                                  )
     v.                                           )
                                                  )          Case No. 3:15-cv-277-DGW
SALEH OBAISI, et al.,                             )
                                                  )
          Defendants.                             )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Appointment of Counsel filed by Plaintiff Robert Stoces (Doc. 39).   For the reasons set forth below, the Motion is **GRANTED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter.   *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).   However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so).   *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ."   *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").   In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education,

skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

The circumstances presented in this case warrant recruitment of counsel. *See Santiago v. Walls*, 599 F.3d 749, 765 (7th Cir. 2010) ("The situation here is qualitatively different from typical prison litigation."). First, Plaintiff has shown that he tried to obtain counsel on his own, but to no avail. Second, Plaintiff is no longer incarcerated at Logan Correctional Center where the events complained of occurred, hindering his ability to adequately investigate the facts of his case. Finally, the Court finds that Plaintiff's claim is relatively complex and will likely require significant discovery.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Appointment of Counsel (Doc. 39) and **APPOINTS** Attorney Jason Andrew Charpentier of the law firm Growe Eisen Karlen to represent Plaintiff for all further proceedings.[1] Attorney Charpentier is encouraged to share his responsibilities with an associate who is also admitted to practice in this district. Attorney Charpentier shall enter his appearance on or before **February 16, 2016**.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is Attorney Charpentier who is the legal professional in this relationship. Without commenting on the validity of the matter in litigation, counsel is reminded and Plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff

---

[1] The Local Rules of the Southern District of Illinois direct that every member of the bar of this Court "shall be available for appointment by the Court to represent or assist in the representation of those who cannot afford to hire an attorney." SDIL-LR 83.1(i).

against taking a certain course of action.   While Plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law.   Also, counsel may advise Plaintiff to pursue additional claims or to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law.   If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel. **The Court will not accept any filings from Plaintiff individually while he is represented by counsel**, except a pleading that asks that he be allowed to have counsel withdraw from representation.   If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**.   *See* SDIL-LR 3.1(c)(1).   If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs.   In no event will funds be reimbursed if the expenditure is found to be without a proper basis.   The Court has no authority to pay attorney's fees in this case.   **Counsel is encouraged to enter into a fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail**.

Finally, counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections at Lawrence Correctional Center in Sumner, Illinois.   Information about the facility is available at www.idoc.state.il.us.

Page **3** of **4**

This matter is **SET** for a telephonic status conference on **February 29, 2016 at 2:00 p.m.** Counsel for Defendants to initiate the conference call. The Court's conference number is 618-482-9004. The parties should be prepared to discuss the schedule in this matter. Also, in light of this Order, the pending motions are **DENIED WITHOUT PREJUDICE** (Docs. 44 and 46). Plaintiff's counsel may request leave to refile said motions if counsel deems it appropriate.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Attorney Charpentier immediately.

**IT IS SO ORDERED.**

**DATED: February 2, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**