IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT STOCES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-277-DGW |
| | ) | |
| DR. SALEH OBAISI, DR. JILL WAHL, DR. | ) | |
| DENNIS LARSON, and WEXFORD | ) | |
| HEALTH SOURCES, INC., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Plaintiff, Robert Stoces, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 on March 11, 2015 alleging his constitutional rights were violated while he was incarcerated at Logan Correctional Center.  More specifically, Plaintiff's complaint alleges that Defendants, Drs. Obaisi, Wahl, and Larson, and their employer, Wexford Health Sources, Inc., failed to diagnose and treat his colon cancer in a timely manner, causing his cancer to spread.

On February 2, 2016, the Court assigned Attorney Jason Andrew Charpentier to represent Plaintiff in this matter.  Following Attorney Charpentier's appointment, he filed a motion, on behalf of Plaintiff, seeking to file an amended complaint.  The Court granted Plaintiff's motion (noting no objection was filed by Defendants), and Plaintiff's Second Amended Complaint, the current operative complaint, was filed on August 26, 2016 (*see* Doc. 56).

Defendants filed a Motion to Dismiss Count II of Plaintiff's complaint on September 1, 2016, which is now before the Court (Doc. 58).  Defendants seek dismissal of Count II of

Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 735 ILCS § 5/2-622. Specifically, Defendants assert that Count II of Plaintiff's Second Amended Complaint, setting forth a state law claim for medical negligence against all Defendants, should be dismissed for Plaintiff's failure to provide an affidavit as required by 735 ILCS 5/2-622. For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

## LEGAL STANDARDS

In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Additionally, "[a]llegations of a pro se complaint are held 'to less stringent standards than formal pleadings draft by lawyers … Accordingly, *pro se* complaints are liberally construed." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).

Pursuant to 735 ILCS § 5/2-622, "any action, whether in tort, contract, or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical malpractice, hospital or other healing malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding

pro se, shall file an affidavit" attesting that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." Failure to abide by this requirement "shall be grounds for dismissal." *Id.* The Seventh Circuit has determined that while dismissal is necessary, courts have discretion to dismiss with or without leave to amend. *Sherrod v. Lingle*, 223 F. 3d 605, 613 (7th Cir. 2000).

## DISCUSSION

In this case, the Court screened Plaintiff's original complaint pursuant to 28 U.S.C. §1915A while he was proceeding *pro se* and determined that Plaintiff had filed an affidavit and report written by Lisa Johnson, Director of Nursing for the IDOC that complied with the requirements of § 5/2-622 (*see* Doc. 6, p. 7). In his Second Amended Complaint, Plaintiff set forth allegations that are substantively similar to those in his original complaint, and, more importantly, attached the same document written by Lisa Johnson in support of his medical negligence claim. Although the Court acknowledges that Plaintiff did not include an affidavit along with his Second Amended Complaint, Defendants have not provided a convincing argument for why the Court should reconsider its previous determination that Lisa Johnson's written report is sufficient to meet the requirements of § 5/2-622, particularly in light of Illinois law that directs that "[t]he technical requirements of [§ 2-622] should not interfere with the spirit or purpose of the statute. The absence of strict technical compliance with the statute is one of form only and not of substance." *Comfort v. Wheaton Family Practice*, 939 N.E.2d 1032, 1043 (Ill. App. Ct. 2010). The Court has reviewed the report of Lisa Johnson and finds it sufficient to allow Plaintiff to bring his medical negligence claim against Defendants.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count II filed on September 1,

2016 (Doc. 58) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 2, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**