IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT STOCES**, )
)
    Plaintiff, )
)
v. ) Case No. 3:15-cv-00277-DGW
)
**SALEH OBASI, DR. JILL WAHL,** )
**DENNIS LARSON, and WEXFORD** )
**HEALTH SOURCES, INC.**, )
)
    Defendants. )

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are Plaintiff's Motion to Compel (Doc. 90), Motion for Leave to Amend the Complaint (Doc. 93), and Plaintiff's Motion to Strike his deposition (Doc. 99). For the reasons set forth below, Plaintiff's Motion to Compel is **GRANTED**. Plaintiff's Motion for Leave to Amend and Motion to Strike are both **DENIED**.

### PROCEDURAL AND FACTUAL BACKGROUND

On March 11, 2015, Plaintiff Robert Stoces filed a complaint asserting claims under the Eighth Amendment and Illinois state law against three health care providers and Wexford Health Services[1] (Doc. 1). The Court conducted a merits review as required by 28 U.S.C. § 1915A, and allowed Stoces to proceed on the following claims:

    **Count 1**: Deliberate Indifference to a Serious Medical Need

    **Count 2**: Conspiracy

---

[1] Wexford Health Services is a private corporation the Illinois Department of Corrections contracts with to provide health care to Illinois inmates.

**Count 3**: Malpractice/Negligence

(Doc. 6).

On June 18, 2015 the Court granted Stoces' Motion to Amend his Complaint correcting the location of the incidents from Lawrence Correctional Center to Logan Correctional Center (Doc. 19). The Court subsequently granted Stoces' Motion to Appoint Counsel and assigned attorney Jason Andrew Charpentier to represent him (Doc. 47). Stoces' attorney filed a Second Amended Complaint alleging deliberate indifference and medical negligence, but did not include a conspiracy claim (Doc. 56).

On August 1, 2017, after conferring with Plaintiff's counsel, Defendants notified Plaintiff his deposition would be taken on August 30, 2017 (Doc. 77; Doc. 101, p. 1). On the day scheduled for deposition, however, Stoces' counsel filed a motion to withdraw resulting in Defendants cancelling the scheduled deposition (Doc. 101, p. 2).

A hearing was held and the Motion to Withdraw was granted (Doc. 81). Mr. Charpentier was directed to provide Stoces with a copy of his case file by September 25, 2017 (Doc. 82). Stoces subsequently filed the pending Motion to Compel, asking the Court to order his former attorney to provide him with documents he believes are missing from the records he was provided (Doc. 90, p.1).

On October 6, 2017, Defendants served Stoces another notice of deposition, setting the deposition for fourteen days later on October 20, 2017 (Doc. 101, p. 2). A deposition was taken of Stoces at Lawrence Correctional Facility on that date. Plaintiff has filed the pending Motion to Strike his deposition testimony on the grounds he was given insufficient notice of the deposition, was not represented by counsel, and complaining about the conduct of Defendants' counsel during

the deposition (Doc. 99, pp. 1-3).

On November 20, 2017, Stoces filed the pending Motion to Amend requesting leave to amend his complaint for the third time, in order to allow him to reinstitute the conspiracy claim dropped by counsel (Doc. 93).

## ANALYSIS

**I. Motion to Compel**

Based on conversations with his attorney, Stoces believes a company was hired by counsel to "conduct the expert witness and testimony search" (Doc. 90, p. 1). Stoces states that while he received a copy of his file from his former attorney, any documents relating to the expert witness search were not included (Doc. 90, p. 1). Stoces asks this Court to order his former attorney to provide him with the missing documents; specifically, lists of any search parameters, the names of any rejected doctors and the reasons they were rejected (Doc. 90, p.1).

The Court notes that in his Motion for Out of Pocket Expenses, Stoces' former attorney included invoices that appear to provide the name of the search firm and at least one potential expert witness (Docs. 88-2, 88-3). The Court therefore **GRANTS** Plaintiff's Motion to Compel. The Court **DIRECTS** Stoces' former attorney, Jason Andre Charpentier, to provide Stoces with copies of any documents contained in his legal file relating to the search for records and/or experts in his case that are not already contained in Docs. 88-2 and 88-3. The Court **FURTHER DIRECTS** the Clerk of Court to send Stoces a copy of Docs. 88-2 and 88-3, and to send a copy of this Order to attorney Charpentier.

**II. Third Amended Complaint**

Although Rule 15(a) provides that a party may amend a pleading, and that leave to amend

should be freely given when justice so requires, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Pourst*, 290 F.3d 843, 848-49 (7th Cir. 2002)).

Here, Stoces requests leave to amend his complaint for the third time in order to reassert his conspiracy claim. The Court notes the discovery deadline has already been extended four times in this case for a total extension of sixteen months. (Docs. 40, 62, 73, 76 and 82). Discovery finally closed on December 2, 2017 and dispositive motions were due on December 27, 2017. (Doc. 82). Further, the trial date in this case has been rescheduled multiple times, resulting in a delay of almost a year (Docs. 40, 62, 73). Were the Court to allow Stoces to file his Third Amended Complaint, discovery would have to be reopened at significant cost and time to Defendants and the trial date would have to be extended yet again. Thus, the Court finds allowing Stoces to amend his complaint would significantly prejudice Defendants. Plaintiff's Motion for Leave to Amend is therefore **DENIED.**

**III. Motion to Strike Deposition**

Plaintiff has filed a motion to strike his deposition testimony claiming he was given insufficient notice of the deposition, was not represented by counsel, and complaining about the conduct of Defendants attorney during his deposition (Doc. 99, pp. 1-3).

Federal Rule of Civil Procedure 10(b)(1) requires a witness receive "reasonable written notice" of a deposition. Here, Stoces received notice first in on August 1, 2017 (Doc. 101, p. 1). That notice was provided almost thirty days prior to the scheduled deposition date (Doc. 101, p. 2).

Although that deposition was cancelled due to Stoces' attorney filing a motion to withdraw, Stoces was given a second notice of a deposition fourteen days[2] in advance of the deposition that was finally conducted (Doc. 101, p. 2; Doc. 101-4). Stoces therefore had a minimum of fourteen days and as much as two-and-a-half months to prepare for the deposition. Thus the Court finds Stoces was given reasonable notice.

Stoces' second contention is that his deposition should be struck because he was not represented by counsel. Civil litigants do not, however, have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The absence of counsel at the deposition, therefore, is not a proper basis for striking the deposition.

Stoces further complains that Defendants' attorney treated him unfairly by not allow him to place exhibits into the record and by requiring him to talk about things he did not remember (Doc. 99, pp. 2-3). Defendants respond that there was no need to introduce specific documents because all documents were referred to by Bates numbers to avoid increasing the size, and expense, of the transcript (Doc. 101, p. 3). The Court notes that reference to Bates stamped documents is both a common and reasonable means of maintaining a deposition record. To the extent that Stoces wanted to add additional documents of his own into the deposition, the Court recognizes this was Defendants' deposition, not Plaintiffs. Thus, Stoces had no authority to force Defendants to add his documents into the deposition record. Further, counsel's questions to Stoces regarding his recollection of events, and references to documents in the record, is proper.

---

[2] Stoces alleges the second notice only provided him nine days notice. Stoces provides no evidence to support this contention, and it is contrary to the notice of deposition provided to this Court by Defendants. (*See* Doc. 101-4). Even if Stoces factual contention were correct, however, the Court finds that nine days would have qualified as "reasonable" notice.

Finally, Stoces makes a vague argument of impropriety on the part of Defendants' counsel. Stoces focuses on a single sentence in the deposition where Defendants' counsel asks the court reporter "what time did I go back to the car" to allege the two rode to the deposition together and that some sort of improper collusion occurred (Doc. 99, p. 21). Stoces appears to read the word "the" to suggest that the attorney and court reporter shared a ride. The Court disagrees. To begin with, counsel for Defendants states that she and the court reporter did not travel together. (Doc. 101, p. 3). Further, even if the two had ridden together, it would be irrelevant. Stoces has not indicated that anything was inaccurate in the deposition, despite being given time to review it and file an objection. (Doc. 101-4, p. 5). Thus, even had the two ridden together, and the Court does not believe they did, Stoces was not prejudiced in any way.

Thus, Stoces' Motion to Strike his deposition testimony is **DENIED.**

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 90) is **GRANTED**. The Court **DIRECTS** Stoces' former attorney, Jason Andre Charpentier, to provide Stoces with copies of any documents contained in his legal file relating to the search for records and/or experts not already contained in Docs. 88-2 and 88-3. The Court **FURTHER DIRECTS** the Clerk of Court to send Stoces copies of Docs. 88-2 and 88-3, and to send to attorney Charpentier a copy of this Order.

It is **FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 93) and Motion to Strike (Doc. 99) are both **DENIED.**

**IT IS SO ORDERED.**

**DATED:** January 2, 2018        **DONALD G. WILKERSON**
                                  **United States Magistrate Judge**